**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DEVAN D. WIGGINS                                                                                PLAINTIFF
ADC #156573

V.                                          NO: 5:15CV00221 JM/JWC

WENDY KELLY, *et al*                                                                         DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James

M. Moody Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  Your objections

must be received in the office of the United States District Court Clerk no later than fourteen (14)

days from the date of the findings and recommendations.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff Devan D. Wiggins, an Arkansas Department of Correction ("ADC") inmate

incarcerated at the Tucker Unit, filed a *pro se* complaint on July 9, 2015.  Plaintiff has also filed

declarations and memorandums of law in support of his complaint (docket entries #2 & #7-#9).

1

## I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to Plaintiff's complaint, on May 31, 2015, he was involved in a disciplinary event, and was placed on behavior control in isolation.  Plaintiff spent 72 hours in isolation, and lost certain privileges, including access to his property and proper portions at meals.  Plaintiff claims his due process rights were violated because he did not receive a hearing prior to his placement in isolation. Because Plaintiff described no atypical and significant hardship as a result of his placement into

isolation, his complaint should be dismissed for failure to state a claim upon which relief may be granted.

Spending 72 hours in isolation following a disciplinary event does not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). *See also Wycoff v. Nichols*, 94 F.3d 1187, 1188-90 (8th Cir. 1996)(no liberty interest arose when Plaintiff served 45 days in administrative confinement before disciplinary decision reversed); *Williams v. Harness*, 221 F.3d 1346 (8th Cir. 2000) (unpublished per curiam) (denial of one meal does not give rise to constitutional violation ); *Berry v. Brady*, 192 F.3d 504, 506-08 (5th Cir.1999) (deprivation of food constitutes cruel and unusual punishment only if it denies prisoner minimal civilized measure of life's necessities, and whether deprivation falls below this threshold depends on amount and duration of deprivation; denying inmate eight meals over seven months because of inmate's failure to shave did not deny inmate "anything close to a 'minimal measure of life's necessities'" (internal quotations and citation omitted)). Accordingly, Plaintiff's complaint should be dismissed.[1]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

---

[1]On July 30, 2015, Plaintiff filed a motion for leave to amend his complaint. The motion seeks to provide the name of a previously unidentified Defendants and offers no facts to state an actionable claim.

2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment

dismissing this action is considered frivolous and not in good faith.

4.      All pending motions be DENIED AS MOOT.

DATED this 30th day of August, 2015.


_____
UNITED STATES MAGISTRATE JUDGE